[No. B077332. Second Dist., Div. Seven. Jan. 27, 1994.]

SHIREEN FATEMI, Plaintiff and Appellant, v.
LOS ANGELES COUNTY EMPLOYEES RETIREMENT
ASSOCIATION et al., Defendants and Respondents.

**COUNSEL**

Warren & Herman and Judith Warren Yaconelli for Plaintiff and Appellant.

De Witt W. Clinton, County Counsel, and David L. Muir, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**JOHNSON, J.**—This case involves a dispute between the designated beneficiary of a deceased county employee and the county retirement board over entitlement to death benefits payable under Government Code section 31780 et seq.[1] The trial court ruled against the designated beneficiary. We affirm.

---

[1] All statutory references are to the Government Code.

## FACTS AND PROCEEDINGS BELOW

The facts are undisputed. Dr. Abdol Fatemi died while an employee of Los Angeles County from causes unrelated to his employment. Dr. Fatemi left a surviving spouse, Simin, and an adult daughter from a previous marriage, Shireen. The daughter, Shireen, was the designated beneficiary of death benefits under Dr. Fatemi's county retirement plan. The plan is administered by the Los Angeles County Employees Retirement Association (the County).

Following Dr. Fatemi's death, the County gave the surviving spouse, Simin Fatemi, the option to select death benefits in the form of a lump-sum payment, a lifetime annuity or a combined cash payment and reduced lifetime annuity. She chose the latter option.

The surviving daughter, Shireen Fatemi, also filed a claim for Dr. Fatemi's death benefits as the sole designated beneficiary under his retirement account. The County denied the claim on the ground a surviving spouse's election of the combined benefit under section 31781.3 cut off all rights and claims of the decedent's designated beneficiary. Ms. Fatemi brought this action challenging the County's denial of her claim to benefits.

On cross-motions for summary judgment the trial court determined there were no disputed material facts and, as a matter of law, the County correctly denied Ms. Fatemi's claim to her father's death benefit.

## DISCUSSION

When a Los Angeles County employee dies from a non-employment-related cause, the surviving spouse may elect to receive death benefits in the form of a lump-sum payment or a lifetime annuity. (§ 31781.1) The surviving spouse is entitled to these death benefits regardless of whether he or she is the beneficiary designated by the employee. Section 31781.1 provides in relevant part: "The rights and privileges conferred by this section upon the surviving spouse and/or [minor] children of such deceased member shall not be dependent upon whether they or any of them shall have been nominated by the deceased member as the beneficiary of any benefits payable upon or by reason of his death, but shall be superior to and shall supersede the rights and claims of any other beneficiary so nominated."

In 1969, the Legislature added section 31781.3 which allows the surviving spouse to choose the combination of a partial lump-sum payment and a reduced lifetime annuity. This option does not increase the overall amount of

the death benefit but provides the surviving spouse with a cash payment up front to help meet unusual expenditures resulting from the other spouse's death. As noted above, the surviving spouse in the present case chose this option.

■ In enacting section 31781.3, the Legislature did not include the language contained in section 31781.1, quoted, *ante*, which explicitly gives the surviving spouse priority over the designated beneficiary of the employee's death benefits. Based on the absence of such a superseding clause, appellant argues that as her father's designated beneficiary she is entitled to his death benefits. We find her argument unpersuasive.

In the first place, even if the surviving spouse's entitlement to the combined benefit under section 31781.3 does not supersede the claim of the designated beneficiary this would not mean the designated beneficiary is entitled to death benefits over the surviving spouse. It would only mean the surviving spouse must elect some other form of payment: either a full lump-sum payment or a straight annuity under section 31780.1.[2]

More fundamentally, we conclude the language of sections 31781.1 and 31781.3, read together in the context of the obvious legislative intent, allows a surviving spouse to elect the combined benefit thereby excluding the claim of the designated beneficiary.

Statutes should be given a commonsense interpretation consistent with the apparent purpose and intent of the Legislature; absurd results should be avoided. (*San Diego Union* v. *City Council* (1983) 146 Cal.App.3d 947, 954 [196 Cal.Rptr. 45].) In section 31781.1 the Legislature evidenced a clear intent to favor a surviving spouse and minor children over other relatives or strangers in the payment of death benefits. Nothing in section 31781.3 or its legislative history indicates any change in this policy. Rather, the clear intent of section 31781.3 was to provide the surviving spouse an *additional* option to take some cash up front to help meet his or her immediate financial needs in return for an actuarially reduced life annuity. It would be absurd to hold the Legislature only intended this additional option to be available when the surviving spouse was also the designated beneficiary. Such a distinction would bear no rational relationship to the legislative purpose in affording a combined benefit.

Appellant argues the Legislature was aware of the relationship between sections 31781.1 and 31781.3 and therefore its failure to include in the latter

---

[2]We find no merit whatsoever in appellant's claim that by attempting to choose the purportedly unavailable combined benefit under section 31781.3 the surviving spouse lost her entitlement to *any* death benefit.

the superseding clause found in the former raises a strong inference the Legislature did not intend to allow the surviving spouse or minor children to choose the combined benefit over the claim of the designated beneficiary. (See *People* v. *Valentine* (1946) 28 Cal.2d 121, 142 [169 P.2d 1] ["Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed."].) In the present case, any such inference is overcome by the language of section 31781.3. That section provides the surviving spouse may elect the combined benefit "*in lieu of*" the lump sum or life annuity provided for in section 31781.1. Thus, section 31781.3 only affects how the pie is sliced, not entitlement to the pie itself. Therefore, the Legislature had no reason to repeat the superseding clause in section 31781.1 when it enacted section 31781.3.

### DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Woods (Fred), J., concurred.